## TIMKEN ROLLER BEARING CO. v. LETERSTONE SALES CO.

## SAME v. L. C. SMITH BEARINGS & PARTS CO.
### No. 14348.

District Court, N. D. Illinois, E. D.
March 30, 1939.

Rogers, Woodson & Rogers, of Chicago, Ill., for plaintiff.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for defendant Leterstone Sales Co.

Folsom, Grossberg & Lee, of Chicago, Ill., for defendant L. C. Smith Bearings & Parts Co.

WILKERSON, District Judge.

The court is of the opinion that the exceptions of the defendants to the master's report should be overruled.

The court is of the opinion further that the plaintiff is entitled to the complete relief sought in its bills of complaint, and that the findings should be made and relief given in accordance with the plaintiff's exceptions to the master's report.

The plaintiff is entitled to a finding that the primary significance of the term Timken in the minds of the purchasing public is not the product but the producer.

The defendant, Leterstone Sales Company, advertises in its catalogues Timken bearings made by the plaintiff. It does not advertise Timken bearings made by any other manufacturer. It uses the word Timken to indicate the manufacturer of the article. This, with the other evidence, leads to the conclusion that the word Timken when used upon or in connection with tapered roller bearings or similar products of plaintiff's manufacture has been understood in the trade to mean plaintiff's goods only. There did not arise during the monopoly of plaintiff's patents a generic designation of the bearing by the name of Timken which passed to the public. Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118, and Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. ——, are not applicable.

Nor would a finding that the word Timken has acquired a generic meaning descriptive of a type of bearing and that the right to use the same in a descriptive sense has passed to the public be of any benefit to the defendant here. The incurable infirmity in defendant's position is found in the duplicity practiced in its marketing methods. It offers for sale Timken bearings made by plaintiff. It does not use the word as descriptive of bearings made by other manufacturers. In each case the bearing is designated by the name of its manufacturer. When orders for Timken bearings are received the defendant fills the order with bearings made by other manufacturers and claims the right to do so because of the generic meaning which has been acquired by the word Timken. Certainly this is a species of unfair competition which cannot be condoned by appealing to rights which the public has acquired in a monopoly. It is essentially misleading. It converts Singer Mfg. Co. v. June Mfg. Co., supra, into a device for palming off goods of one manufacturer for those of another. One guilty of such practices may not escape the consequences by informing the buyer when the goods are delivered that they were made by a manufacturer different from the one who had been held out as the maker.

Findings and decree in accordance with the above rulings may be prepared by attorneys for plaintiff and presented on notice according to the rules.