**PIC DESIGN CORP., Plaintiff,**
v.
**BEARINGS SPECIALTY CO., Inc.,**
**Defendant.**
**Civ. A. No. 69–1145–G.**

United States District Court,
D. Massachusetts.
Sept. 25, 1970.

U.S.C. § 1125(a) and § 1126(h) and (i) and under the common law of unfair competition. It is presently before the court on plaintiff's motion for a preliminary injunction. The facts were developed by affidavits and documentary evidence. The court heard oral argument and received extensive memoranda and countermemoranda.

Plaintiff, Pic Design Corporation, is a large scale distributor of precision instrument components. It distributes all of its products under the registered trade name "Pic". Some products it manufactures and others are manufactured elsewhere, usually to Pic's own specifications and drawings.

At the foundation of Pic's marketing method is the publication and wide distribution of detailed catalogs listing by separate catalog number each of the thousands of items it offers for sale and including the dimensions, specifications and price. The Pic catalog number identifies a Pic product only; competitors also catalog their items but use different catalog numbers.

Defendant, Bearings Specialty Co., Inc., distributes to the public a broad line of industrial components, including precision mechanical items of the type marketed by Pic. Defendant has answered that only a very small proportion of its business is comprehended in these overlapping product lines. It has also asserted in its answer that from 1966 until May 31, 1969 it was listed in Pic's catalog as a distributor or authorized resale agent of Pic products.

Pic claims that defendant, Bearings Specialty, has received orders for products identified either by Pic catalog number or by Pic name as well as catalog number and has filled these orders with non-Pic items without the prior consent of the customers for such substitution and in fact without informing them of such substitution. Pic presently seeks a preliminary injunction to prevent Bearings Specialty from passing off non-Pic products for Pic products.

For purposes of this motion the defendant has admitted that during 1969

---

Jams H. Grover, Roberts, Cushman & Grover, Boston, Mass., for plaintiff.

Ansel B. Chaplin, Gaston, Snow, Motley & Holt, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION THAT PRELIMINARY INJUNCTION ISSUE

GARRITY, District Judge.

This action arises under the Trademark Laws of the United States, 15

the bulk of the orders it received for precision instrument components made reference to a Pic catalog either by using Pic's name coupled with one of its catalog numbers or the catalog number alone. Defendant also admits that in most cases it filled these orders with products not purchased from Pic and therefore not under the Pic trademark but invoiced the goods to the customers as Pic items at prices appearing in the Pic catalog. Even without these admissions, the evidence at this preliminary stage overwhelmingly indicates that this was the defendant's practice.

■ These very admissions provide a sound preliminary showing that the plaintiff will ultimately prevail on the merits of its claim that the defendant has been passing off non-Pic items to customers who requested Pic items. This is clearly an actionable wrong. Unistrut Corporation v. Power, D.Mass., 1958, 175 F.Supp. 294, 297. We find it difficult to accept defendant's contention that, by ordering products by designating the registered trademark "Pic" or the unique Pic catalog number, customers are merely referring generically to products of a specific type and not also to a particular supplier from which they wished the product to come. See Timken Roller Bearing Co. v. Leterstone Sales Co., N.D.Ill., 1939, 27 F.Supp. 736, 737. Certainly such specific designation of products distributed under a registered trademark is a prima facie indication that the purchaser was identifying the source of the product as well as the product itself. See 15 U.S.C. § 1057(b).[1]

■ In these circumstances it is likely that irreparable injury will follow unless the practice of passing off is enjoined. The injury involved is not merely a loss in sales but also a possible loss of good will. Plaintiff has indicated a strong likelihood that in some instances the substituted product was inferior to the Pic product that was ordered. For example, a certain Pic precision product provided a dimension within 6/10,000 of an inch accurate. The substituted product's dimension was inaccurate by 12/10,000 of an inch. Another product was described in the Pic catalog as having ball bearings throughout; the substituted product noticeably did not. Damage to good will seems by its very nature to be irreparable—it is too intangible an element of damages to be readily made whole after injury. Moreover, the potentially dissatisfied customer has an interest in receiving the product that he orders. This public interest is a significant factor when considering whether a preliminary injunction should issue. See Corning Glass Works v. Jeannette Glass Co., S.D. N.Y., 1970, 308 F.Supp. 1321, 1325.

■ The fact that Bearings Specialty is now invoicing the substituted products to its customers as substituted products rather than as Pic products will not prevent the availability of preliminary relief. A purchaser should be told at the time that he is *ordering* that a substitute article will be sent. Only at that time will the customer's decision, whether to accept delivery of the substitute or to seek the genuine product, be truly free. See Timken Roller Bearing Co. v. Leterstone Sales Co., *supra*, 27 F.Supp. at 737.

■ The court therefore concludes that the plaintiff has shown the requisite probability of its ultimate success on the merits and the presence of irreparable injury. Moreover, the possible injury to the defendant from an improvidently granted injunction is on balance minimal. We are dealing only with a small part of defendant's overall business. Sales it may lose because of the

1. "A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein." 15 U.S.C. § 1057(b).

injunction will be readily recognizable and the damages easily computed. Bearings Specialty will therefore be enjoined from filling orders for precision components identified by Pic name or Pic catalog number with non-Pic items unless it receives the consent of the purchaser for a substitution before it proceeds to fill that order. The court further concludes that it is not too onerous a requirement to order that the defendant obtain a form of written consent which will indicate that the purchaser has agreed to accept a substitute at a time that his choice could be said to be free. If there is no such agreement, then the defendant may fill the the order with Pic products only or not at all. However, defendant is under no obligation to refer those orders to the plaintiff.

It is so ordered.